UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

D-1 DAVID MARTIN KATZ,

      Defendant.

_____/

Case No.: 4:18-cr-20368

Judge: Hon. Linda V. Parker
MJ: Hon. Stephanie Dawkins Davis

### RULE 11 PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, defendant David Martin Katz and the government agree as follows:

**1.** **OFFENSE AND MAXIMUM PENALTIES**

    **A.** **Count of Conviction**

The defendant agrees to enter a plea of guilty to Count One of the Information, which charges the defendant with structuring a currency transaction, in violation of 31 U.S.C. § 5324.

    **B.** **Maximum Penalties**

The defendant understands that the maximum penalties for structuring a currency transaction are: five years imprisonment, a one-year period of supervised release, a $250,000 fine and a $100 special assessment.

The defendant further understands that supervised release may be revoked if its terms and conditions are violated. Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that

the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

The defendant understands that he must provide the government with a receipt for the payment of the $100 special assessment before sentence is imposed.

### C. Elements of Offense

The elements of Count One, alleging the defendant committed the crime of structuring a currency transaction, in violation of 31 U.S.C. § 5324 are:

    a. The defendant knew that a financial institution was legally obligated to report currency transactions in excess of $10,000;

    b. The defendant engaged in the structuring of a currency transaction; and

    c. The defendant acted with the intent to evade the reporting requirement.

### D. Waiver of Venue

Defendant has been advised that he has venue rights, pursuant to the Sixth Amendment of the United States Constitution and under Rule 18 of the Federal Rules of Criminal Procedure, to be prosecuted in the federal judicial district where the acts in furtherance of Count One were committed in violation of 31 U.S.C. § 5324. Understanding these rights, Defendant knowingly and voluntarily waives said venue rights and expressly consents to trial and prosecution in the federal judicial district containing Genesee County, Michigan, in the Eastern District of Michigan.

Case 4:18-cr-20368-LVP-SDD ECF No. 29 filed 06/12/18 PageID.77 Page 2 of 11

### E. Factual Basis for Guilty Plea

The defendant admits the following facts and submits them as a sufficient and accurate basis for defendant's guilty plea:

i. Defendant David Katz was a resident of West Bloomfield, Michigan. Defendant Katz operated several businesses from 2009 to 2015, using business names such as Health Systems Medical Management, LLC, Medical Management Partners, LLC, and Grand Rapids Pain Free Clinic, Inc. Defendant Katz earned Schedule E business income from his various businesses.

ii. On or about July 3, 2013, Defendant David Katz made or caused to be made cash withdrawals from a PNC Bank account ending in ….9845, of not more than $10,000 of U.S. Currency in any single cash withdrawal, in an attempt to evade the filing of a Currency Transaction Report ("CTR").

iii. On or about July 5, 2013, Defendant David Katz made or caused to be made cash withdrawals from a PNC Bank account ending in …9845, of not more than $10,000 of U.S. Currency in any single cash withdrawal, in an attempt to evade the filing of a CTR.

## 2. SENTENCING GUIDELINES

### A. Standard of Proof

The Court will find sentencing factors by a preponderance of the evidence.

### B. Agreed Guideline Range

There are no sentencing guideline disputes. The parties agree and stipulate that the relevant conduct involving unlawful activity is between approximately $251,000 and $550,000. The parties agree and stipulate that the defendant's Sentencing Guidelines range should be calculated based on a unlawful activity amount between $251,000 and $550,000, which results in a base offense level of 6 and a total offense level of 18, pursuant to §§ 2S1.3(a)(2) and 2B1.1(G) of the Sentencing Guidelines. The parties agree and stipulate that no specific offense characteristics apply. The parties agree and stipulate that, as of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense making the defendant eligible for a two-level downward adjustment in offense level under § 3E1.1(a) of the Sentencing Guidelines. The parties further agree and stipulate that, as of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, making the defendant eligible for an additional one-level downward adjustment in offense level under §3E1.1(b) of the Sentencing Guidelines. Accordingly, the defendant's adjusted offense level is 15. Except as provided below, the defendant's guideline range is 18 to 24 months, as set forth on the attached worksheets. If the Court finds:

    a)    that defendant's criminal history category is higher than reflected on the attached worksheets, or

    b)    that the offense level should be higher because, after pleading guilty, the defendant made any false statement to

4

or withheld information from his probation officer; otherwise demonstrated a lack of acceptance of responsibility for his offense; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than 18 to 24 months, the higher guideline range becomes the agreed range. However, if the Court finds that the defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does *not* authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different than any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections a) and b), above.

### 3. SENTENCE

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

#### A. Imprisonment

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B. Pursuant to Federal Rule of Criminal Procedure11(c)(1)(B), the government makes a non-binding recommendation

that the sentence of imprisonment be no more than the mid-point of the sentencing guideline range as determined by Paragraph 2B.

### B. **Supervised Release**

There is no agreement with respect to supervised release. The Court may impose any term of supervised release up to the statutory maximum term, which in this case is five years. The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that results from any later revocation of supervised release.

### 4. **WAIVER OF RIGHT TO APPEAL**

If the sentence imposed does not exceed the maximum allowed by Part 3 of this agreement, defendant waives any right he has to appeal his conviction or sentence. If the sentence imposed is within the guideline range determined by Paragraph 2B the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range. Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the Defendant from raising a claim of ineffective assistance of counsel in an appropriate forum.

### 5. **SUPPLEMENTAL AGREEMENT**

The written supplemental agreement between Defendant and the government, which is dated May ____ , 2018, is part of this plea agreement.

### 6. **COOPERATION WITH THE INTERNAL REVENUE SERVICE**

The defendant agrees that he will cooperate fully with the Internal Revenue Service as follows:

A. Defendant agrees to pay restitution to the United States for the total tax loss caused by the offense conduct to the victim, the Internal Revenue Service. Pursuant to 26 U.S.C. § 6201(a)(4), the IRS, as an identified victim, may assess and collect the amount of restitution under an order pursuant to, 18 U.S.C. § 3556, for failure to pay any tax imposed under this title in the same manner as if such amount were such tax.

B. Defendant further agrees to provide to the IRS or any state taxing authority any information requested regarding the defendant's individual income tax liabilities for the tax years 2009 through 2017. Defendant further agrees to pay to the IRS and to any state taxing authority the taxes, penalties, and interest due and owing by him for the tax years 2009 through 2017. Defendant understands that interest as fixed by statute will continue to accrue until his civil tax liabilities are fully paid. In the event that defendant fails to comply with this provision of the agreement, the Government may void this agreement in whole or in part. Nothing in this agreement shall limit the authority of the IRS or a state taxing authority to collect defendant's tax liabilities in any manner authorized by law.

Defendant specifically authorizes release by the IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose, provided the defendant receives a copy.

By entering into this Agreement, the Government does not compromise any federal or state civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified this Agreement. Defendant agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS or to a state taxing authority for the time period(s) covered by this Agreement or any other time.

Nothing in this agreement shall limit the Internal Revenue Service in its assessment and collection of any taxes, penalties or interest due from the defendant.

7. **LEGAL REPRESENTATION**

The defendant is satisfied with the legal representation provided by the defendant's lawyer. The defendant and his lawyer have fully discussed this plea agreement, and the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

8. **CONSEQUENCES OF A WITHDRAWN GUILTY PLEA**

If the defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against the defendant within six

months after the date the order vacating the defendant's conviction or allowing him to withdraw his guilty plea becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea, the defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired, provided that such charges were timely under the applicable limitations period as of the date this agreement was executed.   If the Court allows the defendant to withdraw his guilty plea for a "fair and just reason" pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), the defendant waives his rights under Federal Rule of Evidence 410, and the government may use his guilty plea, any statement made under oath at the change-of-plea hearing, and the factual basis statement in this plea agreement, against him in any proceeding.

### 9. **EACH PARTY'S RIGHT TO WITHDRAW FROM THIS AGREEMENT**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B.

Defendant may withdraw from this plea agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed in Paragraph 2.  This is the only reason for which defendant may withdraw from this agreement.  The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

**10.   PARTIES TO THE PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan and the Tax Division of the Department of Justice.

**11.   SCOPE OF THE PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. It supersedes all other promises, representations, understandings, and agreements between the parties concerning the subject matter of this plea agreement that are made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to the defendant or to the attorney for defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

This agreement does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

12. **ACCEPTANCE BY THE DEFENDANT**

This plea offer expires unless it has been received, signed by the defendant and his attorney, at the Northern Criminal Enforcement Section of the Department of Justice Tax Division by 5:00 P.M. on November 16, 2017. The government reserves the right to modify or revoke this offer at any time before the defendant appears and pleads guilty.

ROSEMARY E. PAGUNI
*Chief*
*Northern Criminal Enforcement Section*
*U.S. Department of Justice, Tax Division*

MARK MCDONALD
WILLIAM GUAPPONE
*Trial Attorneys*

Date: June 12, 2018

By signing below, the defendant acknowledges that he has read (or been read) this entire document, understands it, and agrees to its terms. He also acknowledges that he is satisfied with his attorney's advice and representation. The defendant agrees that he has had a full and complete opportunity to confer with his lawyer, and has had all of his questions answered by his lawyer.

STEVEN FISHMAN, ESQ.
*Attorney for Defendant*

DAVID MARTIN KATZ
*Defendant*

Date: June 12, 2018